**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

EDWARD J. ZAKRZEWSKI,

       Petitioner,

v.                                    Case No. 3:04cv66/RV/EMT

JAMES MCDONOUGH,[1] Secretary,
Florida Department of Corrections,
and CHARLIE CRIST, Attorney General
of Florida,

       Respondents.
_____/

**ORDER**

This cause is before the court on Petitioner's application for certificate of appealability. (Doc. 98). Respondents have filed suggestions and amended suggestions in opposition to the issuance of a certificate of appealability (docs. 92 & 99). Because Petitioner's Motion for Relief from Judgment (doc. 52) is the functional equivalent to a second or successive habeas petition, a certificate of appealability must be issued before Petitioner may take an appeal. See El-Amin v. United States, 2006 WL 771182 at 3 (11th Cir., March 28, 2006); Gonzalez v. Sec'y for Dep't of Corrections, 366 F.3d 1253, 1263 (11th Cir. 2004), aff'd on other grounds sub nom, Gonzalez v. Crosby, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); See also, 28 U.S.C. § 2253(c)(1)(A); Fed.R.App.P. 22(b)(1). Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

---

[1] James McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. See Fed. R. Civ. P. 25 (d)(1).

Case No.: 3:04cv66/RV/EMT

U.S.C. § 2253 (c)(2).

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000) (quoting, Barefoot v. Estelle, 463 U.S. 880, 893, n. 4, 103 S. Ct. 3383, 3394, n. 4, 77 L. Ed.2d 1090 (1983)).

Upon consideration, I conclude that the identified issue is debatable among reasonable jurists and that the issue is "adequate to deserve encouragement to proceed further": whether the court properly denied petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(3)(b) for lack of jurisdiction because the motion is the functional equivalent of a second or successive habeas petition and, therefore, cannot be entertained without an order from the court of appeals authorizing the filing of a successive petition. Because Petitioner has made a substantial showing of the denial of a constitutional right, a certificate of appealability should be issued. I also conclude that the appeal of this issue is taken in good faith and leave to appeal should be granted.

Accordingly, it is ORDERED:

Petitioner's motion for certificate of appealability, (doc. 98) is **GRANTED** and a certificate of appealability is issued for appeal on the issue of whether the court properly denied petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(3)(b) for lack of jurisdiction.

DONE AND ORDERED this 28th day of June, 2006.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

Case No.: 3:04cv66/RV/EMT